### BUTTS v. GOODYEAR TIRE & RUBBER CO. et al.
### In re COLORADO CENTRAL MINES CO.

(Circuit Court of Appeals, Eighth Circuit. December 16, 1921.)

No. 5738.

**Bankruptcy ⊙⊐105(1)—Order granting injunction modified.**

An order of a court of bankruptcy, which, though refusing an injunction restraining respondent from prosecuting a suit in a state court against the bankrupt to establish his title to certain mining ground and a mill and machinery thereon, enjoined him from interfering with the receiver in bankruptcy in his possession "and disposal" of the mill and machinery, modified, so as to apply only to the possession of the receiver, pending determination of the ownership in the state suit.

⊙⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

In the matter of the Colorado Central Mines Company, bankrupt. On appeal by Edward Butts from an order granting an injunction on petition of the Goodyear Tire & Rubber Company and others. Modified and affirmed.

John J. White, of Georgetown, Colo., for appellant.

Ernest Morris and Daniel B. Ellis, both of Denver, Colo., for appellees.

Before CARLAND, Circuit Judge, and YOUMANS and JOHNSON, District Judges.

CARLAND, Circuit Judge. On June 11, 1920, John Morgan was appointed receiver of the estate of the Colorado Central Mines Company by the United States District Court, District of Colorado, in bankruptcy. On July 23, 1920, the receiver and the petitioning creditors who signed the involuntary petition against the Mines Company filed a petition in said court for the purpose of restraining the appellant from further prosecution of the case of appellant against the Mines Company in the district court of Clear Creek county, Colo. The petition was amended on July 31, 1920, and the answer of appellant filed to the original petition was by agreement treated as the answer to the amended petition. Appellees claimed that the Mines Company was the owner of the Moraine placer mining claim, located in Clear Creek county, Colo., upon which it had constructed a concentrating mill and installed machinery therein for the treating of ores. Appellant claimed that, by the location of the Four Brothers and Home Stake lode mining claims, he had become the owner of the mill and the machinery, and it was the action commenced by him to quiet his title to said lode mining claims and the improvements and fixtures thereon which the appellees sought to restrain.

Appellant in his action in the state court prayed for a decree that appellant was the owner of said lode mining claims and the improvements and fixtures thereon. During the hearing of the petition, and while evidence was being taken as to whether the mill and machinery were a part of the real estate, the trial court said:

"We will assume it is fixed in the real estate and placed there in a permanent way. You need not offer any evidence on that; we will assume that."

At the close of the evidence and in reply to a suggestion of counsel for appellant, the trial court stated:

"There is no question of title, as I view it, to the building and machinery. I am not assuming to touch Mr. Butts' title. If he has good title, and has located the location under this mill, you can fight that out in the state court; I cannot try that here. I am only enjoining from interference with the receiver's possession of that mill and all the property in it, and from its removal."

The receiver had taken possession of the mill on June 12, 1920. By the final decree entered in the proceeding it was decreed that Butts should not be enjoined or restrained from prosecuting his suit in the

district court of Clear Creek county, wherein he asserted title to his said lode claims as known lodes within said placer, meaning the Moraine placer. The court then proceeded and by its decree restrained and enjoined Butts from taking possession of the mill, machinery therein, and the improvements therewith, and from in any manner interfering with the said John Morgan as receiver in his possession and disposal thereof. If the mill and machinery were a part of the real estate, and it was conceded that they were, they either belonged to the owner of the placer or the lode claims. If the receiver, however, could dispose of the mill, and that is the only inference to be drawn from the injunction, then the suit in the state court, although it was not enjoined, might be defeated in part. The trial court had a right to protect the possession of its receiver, and that is all it apparently intended to do. We are therefore of the opinion that the decree below must be modified, so as to strike therefrom "and disposal thereof," in the paragraph which restrained Butts and his agents from interfering with the possession of the mill.

Let the decree be modified, and, as modified, affirmed.